**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| ZACHARY HILLER,<br>Plaintiff,<br>v.<br>TONE BODY, INC., a California corporation; and DOES 1 through 10,<br>Defendants. | Case No. ____________________<br>Hon. ____________________<br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br>**DEMAND FOR JURY TRIAL** |

Hal Burke (P69068)
Scheer, Green, and Burke, Co., LPA
One Seagate Suite 640
Toledo, Ohio 43604
419-243-2283
hburke@sgblegal.com
*Attorney for Plaintiff*

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff Zachary Hiller ("Plaintiff"), by his undersigned counsel, for his Complaint against Defendants Tone Body, Inc. ("Tone") and Does 1 through 10 (collectively, "Defendants"), alleges as follows. Allegations concerning Plaintiff and his own acts are made on personal knowledge. All other allegations are made on information and belief formed after reasonable inquiry.

## NATURE OF THE ACTION

1. This is an action for copyright infringement under the Copyright Act, 17 U.S.C. § 101 et seq., arising from Defendants' unauthorized use of Plaintiff's registered sound recording titled Take it Off "Lights Off" Beat (the "Recording") as the soundtrack of a paid TikTok advertisement promoting TONE Island Breeze, a fragrance product sold through Target.

2. Tone built the launch of its Island Breeze scent around paid partnerships with female livestreamers, including Wendy Ortiz. On June 25, 2026, a sponsored video bearing TikTok's paid-partnership disclosure, tagging Tone's brand account, carrying the hashtag #TONEpartner, and directing viewers to Target was published with the Recording as its audio. That same day, Tone's own TikTok account commented on the video and reposted it to Tone's followers.

3. No Defendant sought or obtained a license. The audio was taken from a user-uploaded TikTok sound, not from TikTok's Commercial Music Library. TikTok held no license to the Recording and could convey none, and no license to use the Recording in advertising existed anywhere in the chain.

4. The Recording was registered with the United States Copyright Office effective April 14, 2026, more than two months before the advertisement was published. Plaintiff is therefore entitled to elect statutory damages and to recover his attorneys' fees and costs.

5. Tone's Chief Executive Officer, Nathaniel Weiss ("Weiss"), has publicly described the Island Breeze creator campaign, identified Ms. Ortiz as one of its featured creators, and explained that Tone places paid media behind creator content that performs. Tone directed, controlled, and profited from that campaign, including the advertisement at issue here.

## THE PARTIES

6. Plaintiff Zachary Hiller is an individual residing in Nassau County, New York. Plaintiff is the founder of L.A.A.S.E. Inc., an independent music publishing and rights company with offices at 429 Atlantic Avenue, Freeport, New York 11520. Plaintiff is the legal owner of the copyright in the Recording.

7. Defendant Tone Body, Inc. is a corporation organized under the laws of the State of California, with its principal place of business at 3402 Pico Boulevard, Second Floor, Santa Monica, CA 90405. Tone develops, markets, and sells personal care products under the TONE brand throughout the United States, including in Michigan, through Target retail stores, Amazon, and its own website, tone.shop. Tone operates the TikTok account @toneexclusive, displayed as "TONE EXCLUSIVE."

8. Defendants Does 1 through 10 are persons and entities whose identities are presently unknown to Plaintiff, including officers, directors, and employees of Tone, and agencies, talent managers, content creators, and media buyers that

participated in creating, approving, publishing, or amplifying the advertisement described below. Plaintiff will amend this Complaint to identify them when their identities are ascertained.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright Act.

10. This Court has personal jurisdiction over Tone under Michigan's long-arm statute, Mich. Comp. Laws § 600.715(1) and (2). Tone transacts business in Michigan by selling its products, including TONE Island Breeze, through Target stores located in Michigan and by shipping orders placed on tone.shop to Michigan consumers. The advertisement described below was directed to a nationwide audience that includes Michigan, urged viewers to purchase Island Breeze at Target, including at Michigan stores, and was transmitted to, performed for, and viewed by persons in Michigan, such that the tortious acts and their consequences occurred in this State.

11. The exercise of jurisdiction over each Defendant comports with due process. Defendants purposefully availed themselves of the privilege of conducting business in Michigan by advertising and selling Island Breeze to Michigan consumers, Plaintiff's claims arise from that advertising, and the exercise of jurisdiction is reasonable.

12. Venue is proper in this District under 28 U.S.C. § 1400(a) because Defendants may be found in this District, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims, including the transmission and viewing of the infringing advertisement, occurred in this District.

## FACTUAL ALLEGATIONS

### A. Plaintiff's Ownership of the Recording

13. The Recording is an original sound recording authored by Trayvon Jackson and first published on August 1, 2025.

14. By written agreement dated April 6, 2026, Plaintiff acquired ownership of the copyright in the Recording.

15. The Recording is registered with the United States Copyright Office under Registration No. SR 1-075-539, with an effective date of registration of April 14, 2026. The registration identifies Plaintiff, under the name "Zac Hiller," as copyright claimant by transfer by written agreement. A true and correct copy of the registration record is attached as Exhibit A.

16. As owner of the copyright, Plaintiff holds the exclusive rights under 17 U.S.C. § 106 to reproduce the Recording, to prepare derivative works based upon it, to distribute copies of it to the public, and to perform it publicly by means of a digital audio transmission.

17. Plaintiff licenses the Recording for commercial uses, including advertising. A brand that wishes to use the Recording in advertising must obtain, and pay for, a license.

**B. Tone's Creator-Driven Marketing**

18. Tone was launched in February 2025 by members of the livestreaming collective Any Means Possible, in partnership with the media company and talent agency Night. Tone's products are sold at Target and on Amazon.

19. Weiss is Tone's Chief Executive Officer. Before joining Tone, he served as president of the prestige body care brand Nécessaire and as vice president of digital at True Religion. He is an experienced consumer brand executive familiar with the licensing requirements that govern the use of music in advertising.

20. Weiss has publicly stated that the creator and influencer ecosystem is the largest component of Tone's marketing strategy, that TikTok is the platform on which Tone concentrates its day-to-day marketing, and that when creator content about Tone performs well organically, Tone places paid media behind that content to extend its reach.

21. Tone released its Island Breeze scent on or about June 18, 2026.

**C. The Infringing Advertisement**

22. On June 25, 2026, a video promoting TONE Island Breeze was published on TikTok from the account of creator Wendy Ortiz, @wendolynortizz,

at https://www.tiktok.com/@wendolynortizz/video/7655376232158154015 (the "Infringing Advertisement"). True and correct screen captures of the Infringing Advertisement are attached as Exhibit B.

23. The Infringing Advertisement was commercial advertising for Tone. It bore TikTok's paid-partnership disclosure, tagged Tone's brand account @TONE EXCLUSIVE, carried the hashtag #TONEpartner, and directed viewers to purchase Island Breeze at Target.

24. The soundtrack of the Infringing Advertisement is the Recording. The audio was drawn from a user-uploaded TikTok sound page that reproduces the Recording without authorization.

25. The Recording is not, and has never been, part of TikTok's Commercial Music Library, the catalog of pre-cleared music that TikTok makes available to businesses for use in commercial content. A user-uploaded sound carries no license for use in advertising.

26. On June 25, 2026, the day the Infringing Advertisement was published, Tone's official TikTok account commented on it and used TikTok's repost function to distribute it to Tone's own followers.

27. Tone, directly or through Night, recruited and contracted with Ms. Ortiz for the Island Breeze campaign; compensated her for the Infringing Advertisement; supplied the campaign brief and messaging; reviewed and approved the Infringing

Advertisement, including its audio, before or upon publication; held the contractual right to require changes to or removal of it; and placed paid media behind it to increase its reach.

28. On July 2, 2026, one week after the Infringing Advertisement was published, Beauty Independent published an interview with Weiss concerning Tone's business (the "Interview"), a true and correct copy of which is attached as Exhibit C. In the Interview, Weiss stated that for the Island Breeze activation Tone partnered with three female streamers, including Wendy Ortiz, and "shot a beautiful piece of creative." The Interview reports that the Island Breeze campaign generated approximately 15 million views and 2.6 million engagements, outperformed every prior Tone partnership campaign, and that Island Breeze already ranked among Tone's top three fragrances.

29. The Infringing Advertisement was part of the Island Breeze campaign described in the Interview and contributed to that campaign's reach, engagement, and resulting sales.

30. Tone, acting through its senior management, including Weiss, approved the Island Breeze campaign, the selection of Ms. Ortiz and the other featured creators, the campaign creative, and the deployment of paid media behind creator content, including the Infringing Advertisement.

**D. Notice and Willfulness**

31. On August 27, 2026, Plaintiff sent written notice of the infringement to Tone at support@toneoriginals.com, the address Tone's own website terms designate for its copyright agent, and to Ms. Ortiz and Night. The notice identified the Recording, its registration number and effective date, and the Infringing Advertisement, and demanded preservation of relevant records.

32. The Infringing Advertisement was removed after Plaintiff's notice. Its removal did not cure the infringement that had already occurred.

33. No Defendant ever sought or obtained a license to use the Recording.

34. Defendants' infringement was willful or, at a minimum, in reckless disregard of Plaintiff's rights. Tone is a nationally distributed consumer brand whose core marketing strategy is paid creator content on TikTok, and its Chief Executive Officer is a seasoned brand executive. Tone's own website terms maintain a copyright infringement policy under the Digital Millennium Copyright Act and require users to hold all rights in content they post. Defendants knew that music used in paid advertising must be licensed and that TikTok offers a Commercial Music Library for that purpose, and nonetheless commissioned, approved, published, reposted, and amplified paid advertising built on an unlicensed user-uploaded sound without making any inquiry into its ownership.

## COUNT I

## Direct Copyright Infringement, 17 U.S.C. §§ 106 and 501

## (Against Tone and Does 1 through 10)

35. Plaintiff repeats and realleges paragraphs 1 through 34 as if fully set forth herein.

36. Plaintiff owns a valid, registered copyright in the Recording.

37. Tone, without authorization, reproduced, distributed, and publicly performed by means of digital audio transmission the Recording, in violation of 17 U.S.C. § 106(1), (3), and (6), by (a) causing the Infringing Advertisement to be created and published as Tone's own advertising, through a creator acting at Tone's direction, under its control, and for its benefit; (b) reposting the Infringing Advertisement from Tone's official account to Tone's followers; and (c) paying to boost and distribute the Infringing Advertisement to additional viewers.

38. Each Doe Defendant that created, published, or distributed the Infringing Advertisement likewise infringed Plaintiff's exclusive rights in the Recording.

39. The foregoing infringement was willful.

40. As a direct and proximate result of the infringement, Plaintiff has been damaged and Defendants have profited.

## COUNT II

## Contributory Copyright Infringement

## (Against Tone and Does 1 through 10)

41. Plaintiff repeats and realleges paragraphs 1 through 40 as if fully set forth herein.

42. The publication and distribution of the Infringing Advertisement by Ms. Ortiz, and by each other person who reproduced or transmitted it, directly infringed Plaintiff's exclusive rights in the Recording.

43. Tone knew or had reason to know of that direct infringement. It commissioned the Infringing Advertisement as paid advertising and reviewed and approved its content, including its audio, and Tone engaged with and reposted it on the day it was published.

44. Tone materially contributed to the direct infringement by recruiting, contracting with, briefing, and compensating the creator; approving the Infringing Advertisement; reposting it; and funding paid media to amplify it.

45. Each Doe Defendant that, with knowledge of the infringement, induced, caused, or materially contributed to it is likewise liable for contributory infringement, jointly and severally with Tone.

46. The foregoing contributory infringement was willful.

## COUNT III

## Vicarious Copyright Infringement

## (Against Tone and Does 1 through 10)

47. Plaintiff repeats and realleges paragraphs 1 through 46 as if fully set forth herein.

48. Tone had the right and ability to supervise and control the infringing conduct. Tone's agreement with the creator, directly or through Night, gave Tone approval rights over the content of the Infringing Advertisement and the right to require its modification or removal, and the Infringing Advertisement was in fact removed after Plaintiff's notice.

49. Tone had a direct financial interest in the infringement. The Infringing Advertisement existed to sell TONE Island Breeze and drew viewers to purchase it at Target as part of what Tone has publicly described as its best-performing partnership campaign.

50. Each Doe Defendant that had the right and ability to supervise and control the infringing conduct and a direct financial interest in it is likewise vicariously liable, jointly and severally with Tone.

51. Tone failed to exercise its right and ability to stop the infringement and is vicariously liable for it.

## DAMAGES

52. Plaintiff is entitled to recover his actual damages and Defendants' profits attributable to the infringement under 17 U.S.C. § 504(b) or, at Plaintiff's election at any time before final judgment is rendered, statutory damages under 17 U.S.C. § 504(c), including enhanced statutory damages of up to $150,000 for willful infringement.

53. Because the effective date of registration of the Recording, April 14, 2026, precedes the commencement of the infringement on June 25, 2026, 17 U.S.C. § 412 does not bar an award of statutory damages or attorneys' fees, and Plaintiff is entitled to recover his full costs and reasonable attorneys' fees under 17 U.S.C. § 505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants, jointly and severally, as follows:

A. Declaring that Defendants infringed Plaintiff's copyright in the Recording and that the infringement was willful;

B. Awarding Plaintiff his actual damages and Defendants' profits attributable to the infringement under 17 U.S.C. § 504(b) or, at Plaintiff's election, statutory damages under 17 U.S.C. § 504(c), including enhanced statutory damages for willful infringement;

C. Permanently enjoining Defendants, and all persons acting in concert or participation with them, from reproducing, distributing, publicly performing, or otherwise using the Recording without authorization, pursuant to 17 U.S.C. § 502;

D. Awarding Plaintiff his full costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

E. Awarding pre-judgment and post-judgment interest as permitted by law; and

F. Granting such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues so triable.

Dated: November 3rd, 2026

Respectfully submitted,

/s/ Hal Burke
Hal Burke (P69068)
Scheer, Green, and Burke, Co., LPA
One Seagate Suite 640
Toledo, Ohio 43604
419-243-2283
hburke@sgblegal.com
*Attorneys for Plaintiff Zachary Hiller*